UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM COX, Individually, as Parent and Next Friend and as Personal Representative of the ESTATE of M.J. COX, and ANN COX, Individually and as Parent and Next Friend of M.J. Cox, Plaintiffs, v. BRAND 44, LLC, AMAZON.COM, INC., and PLAYTHINGS PAST LLC, Defendants. | * | Civ. No. 15-cv-11903-ADB |

MEMORANDUM AND ORDER

October 21, 2015

BURROUGHS, D.J.

## I. Introduction

Plaintiffs William and Ann Cox filed this action against Brand 44, LLC ("Brand 44"), Amazon.com, Inc. ("Amazon"), and Playthings Past LLC ("Playthings") (collectively "Defendants") following the death of their son, M.J. Cox ("M.J.").[1] Plaintiffs allege that M.J. died after falling off a zipline made by Brand 44 and that was purchased from Playthings and Amazon. William, individually, as parent and next friend and as a personal representative of the estate of M.J., and Ann, individually and as a parent and next friend of M.J., bring eight claims against the Defendants: negligence (Count I), wrongful death (Count II), loss of consortium (Count III), breach of warranties (Count IV), punitive damages (Count V), pain and suffering

[1] To date, the parties' filings have used the child's full name; under Local Rule 5.3, if the involvement of a minor child must be mentioned, only the initials of the child should be used. Future filings should omit the full name of the minor.

(Count VI), strict liability (Count VII), and violation of Mass. Gen. Laws Ch. 93A (Count VIII). Before the Court is Brand 44's partial motion to dismiss Counts III (loss of consortium), IV (breach of warranties), V (punitive damages), VI (pain and suffering), and VII (strict liability). Brand 44 also moves to strike the introduction of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 10(b). For the reasons discussed in this Memorandum and Order, Brand 44's Motion to Dismiss is granted in part and denied in part.

## II. Discussion

### A. Factual Background

Plaintiffs initiated this action on May 22, 2015 [ECF No. 1] and filed an Amended Complaint on June 1, 2015. [ECF No. 7.] Plaintiffs allege the following facts, which the Court accepts as true for purposes of a motion to dismiss.[2] In or about December 2013, Christopher Dupill and his family acquired a Slackers Zipline from Amazon and Playthings, which was designed, manufactured and supplied by Brand 44. Id. ¶ 8. On December 26, 2013, the zipline was connected to two trees in the backyard of the Dupills' property. Id. ¶ 9. On that date, M.J. sustained severe and fatal injuries when the zipline and/or one of the trees anchoring the zipline

[2] The Amended Complaint includes an introduction that does not comply with Federal Rule of Civil Procedure 10(b), which requires a party to state its claims or defenses in numbered paragraphs. The "typical remedy for a pleading violation is to allow the offending party to replead." M.U. v. Downingtown High Sch. E., No. 14-04877, 2015 WL 1893264, at *13, n.4 (E.D. Pa. Apr. 27, 2015) (citing Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1322 (3d ed. 1998) ("Even when a failure to comply with Rule 10(b) is shown, leave to amend ought to be made available to the offending pleader since the defect does not go to the merits of the action.")); see also Rodi v. S. New England Sch. Of Law, 389 F.3d 5, 20 (1st Cir. 2004) (stating that courts typically allow leave to amend to cure a "modest pleading defect."). Accordingly, the Plaintiff is directed to file an amended complaint by October 27, 2015 to cure this defect as well as to address the other issues identified herein.

failed. Id. ¶ 11. M.J. remained in a medically induced coma from the date of the incident until he died on January 24, 2014.

**B. Loss of Consortium (Count III)**

In its partial motion to dismiss, Brand 44 contends that Count III of the Amended Complaint for loss of consortium must be dismissed because a plaintiff in a wrongful death case cannot maintain a separate action for loss of consortium. Brand 44 is correct that there may not be a separate action for loss of consortium resulting from a child's death—the "wrongful death statute, G.L.c. § 229, § 2, provides the exclusive remedy for the recovery of damages for loss of consortium or loss of companionship and society resulting from death." Stockdale v. Bird & Son, Inc., 399 Mass. 249, 253 (1987). However, Count III of the Amended Complaint will not be dismissed because a separate claim can be brought by the parents for the loss of consortium suffered as result of M.J.'s pre-death injuries. See Mass. Gen. Laws ch. 231, § 85X ("The parents of a minor child or an adult child who is dependent on his parents for support shall have a cause of action for loss of consortium of the child who has been seriously injured against any person who is legally responsible for causing such injury.") As previously noted, the accident took place on December 26, 2013 but M.J. remained in a coma until he died on January 24, 2014. Accordingly, Count III survives but it is limited to any loss of consortium suffered by the parents between the time of M.J.'s injury and his death.

**C. Breach of Warranties (Count IV)**

Brand 44 next argues that Plaintiffs fail to allege a claim for breach of warranty of fitness for a particular purpose. Warranty of fitness for a particular purpose is one of two types of implied warranty under Massachusetts law. The Court agrees that Plaintiffs have not alleged sufficient facts to make out a claim for breach of warranty of fitness for a particular purpose.

Plaintiffs have not alleged that the zipline was used for anything other than its ordinary use, and therefore there is no plausible claim for breach of the warranty of fitness of a particular use. See e.g., Garfield v. Gorilla, Inc., No. 13-12810-RGS, 2015 WL 4028198, at *5 (D. Mass. July 1, 2015) ("Since it is undisputed that a tree stand is used to hunt and Garfield used the tree stand for the very purpose for which it was intended, he cannot claim a breach of the implied warranty of fitness."); Laspesa v. Arrow Int'l, Inc., No. 07-cv-12370-NG, 2009 WL 5217030, at *4 (D.Mass. Dec.23, 2009) ("When the buyer plans to use the product for its ordinary purpose, the only implied warranty is the warranty of merchantability.").

In its Amended Complaint, however, Plaintiffs have a single Breach of Warranties count, which encompasses both express and implied breaches. [ECF No. 7, ¶ 25 ("Defendants expressly and impliedly warranted that its product was safe, merchantable, and fit for its intended uses.").] Brand 44 does not contend that Plaintiffs have failed to plead an express warranty claim or an implied warranty of merchantability claim. Accordingly, the Court declines to dismiss Count IV of the Amended Complaint, but notes that Count IV is limited to claims for breach of express warranty and breach of the implied warranty of merchantability.

**D. Punitive Damages (Count V)**

Count V of the Amended Complaint states that M.J.'s death was caused by Defendants' gross negligence or malicious, willful, wanton or reckless conduct, and therefore, Plaintiffs are entitled to punitive damages. Under the Massachusetts wrongful death statute, Mass. Gen. Laws ch. 229, § 2, punitive damages are recoverable where "the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant." Because punitive damages "constitute a part of the element of damages of a legal claim" and "are not a separate legal claim," the separate claim for punitive damages must be

dismissed. In re WellNx Mktg. & Sales Practices Litig., 673 F.Supp.2d 43, 58 (D. Mass.2009); see also AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc., No. 13-13046-DJC, 2014 WL 4656608, at *11 (D. Mass. Sept. 12, 2014) (dismissing counts for punitive damages because "[w]hichever state's laws apply to this dispute, there is no 'claim' for punitive damages."). Plaintiffs can pursue punitive damages in connection with the wrongful death alleged in Count II, but punitive damages cannot stand alone as a separate count.

**E. Pain and Suffering (Count VI)**

In addition to a separate count for punitive damages, the Amended Complaint also has a separate count for pain and suffering. In Count VI of the Amended Complaint, Plaintiffs contend that Defendants' negligence was the proximate cause of pain and suffering suffered by M.J. Mass. Gen. Laws ch. 229, § 6 provides that in a wrongful death action, damages may also be recovered "for conscious suffering resulting from the same injury, but any sum so recovered shall be held and disposed of by the executor or administrators as assets of the estate of the deceased." Such a claim for pain and suffering has been recognized as a separate cause of action from the related wrongful death claim. See e.g., Santos v. Lumbermens Mut. Cas. Co., 408 Mass. 70, 77 (1990) ("Although G.L. c. 229, § 6 . . . permits the joinder of separate counts for death and for conscious suffering in a single action, they are separate causes of action.") (quoting Gaudette v. Webb, 362 Mass. 60, 62 (1972)); Pobieglo v. Monsanto Co., 402 Mass. 112, 118 (1988) ("[C]laims for wrongful death and for conscious pain and suffering are premised upon different theories of recovery and are intended for separate categories of beneficiaries.").

Accordingly, Count VI can proceed as a separate cause of action under Mass. Gen. Laws ch. 229, § 6.[3]

### F. Strict Liability (Count VII)

Defendants also moved to dismiss Plaintiffs' Count VII for strict liability, since Massachusetts law does not recognize a strict liability cause of action for a defective product. Plaintiffs did not oppose this portion of Brand 44's motion and Count VII of the Amended Complaint is therefore dismissed.

## III. Conclusion

For the foregoing reasons, Brand 44's partial motion to dismiss is GRANTED as to Count V (punitive damages) and VII (strict liability), and DENIED as to all other counts of the Amended Complaint. Plaintiffs are directed to file an amended complaint by October 27, 2015, which addresses the issues identified in this memorandum and omits the counts that have been dismissed. The Defendants are directed to respond to the amended complaint by November 17, 2015.

**SO ORDERED.**

Dated: October 21, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. District Judge

[3] In their memorandum of law in opposition to Brand 44's partial motion to dismiss, Plaintiffs conceded that they incorrectly cited Mass. Gen. Laws ch. 231, § 6D with respect to Count VI of their Amended Complaint. [ECF No. 24, pg. 5, n. 2.] Plaintiffs' amended complaint, due by October 27, 2015, should correct this error.